UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

12-CV-2173

---

UNITED STATES OF AMERICA,

               Plaintiff

ANSWER TO COMPLAINT
FOR FORFEITURE *IN REM*

-against-

EIGHT HUNDRED SEVENTY THREE THOUSAND
FOUR HUNDRED SEVENTY NINE DOLLARS, MORE
OR LESS, IN U.S. CURRENCY ($873,479) SEIZED
FROM IRWIN GUTMAN ON NOVEMBER 17, 2011, *et. al.*

---

Claimant Izak Irwin Gutman, through counsel, answer the Complaint as follows:

1. Claimant admits this is a civil in rem action to condemn and forfeit property to the United States of America in accordance with 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds traceable to violations of 18 U.S.C. § 1029 (access device fraud).

2. Claimant admits the allegations of jurisdiction in paragraph 2.

3. Claimant admits the allegations of venue in paragraph 3.

4. Claimant admits the Defendants In Rem are comprised of the property listed in paragraph 4.

5. Claimant does not respond to the allegations of paragraph 5 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise admits the allegations of paragraph 5.

6. Claimant does not respond to the allegations of paragraph 6 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Claimant does not respond to the allegations of paragraph 7 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. As set forth in paragraph 22 of the Complaint, state charges—which arise out of the same series of underlying facts as this forfeiture action-- are pending against Claimant Irwin Gutman. Because state charges are pending, Claimant asserts his Fifth Amendment privilege with respect to the allegations of paragraph 18 and as set forth below.

19. With respect to paragraph 19, Claimant admits that a search warrant was executed at Gutman's residence on November 17, 2011 and admits $873,479.00 in U.S. currency was found, and otherwise asserts his Fifth Amendment privilege with respect to the allegations in paragraph 19.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Claimant admits criminal charges are pending against him in New York County, and otherwise denies knowledge and information sufficient to form a belief as to the allegations in paragraph 22.

23. Claimant repeats the responses contained in paragraphs 1 through 22.

24. Claimant denies the allegations in paragraph 24.

25. Claimant denies the allegations and claims for relief in paragraph 25.

**FIRST DEFENSE**

26.     Plaintiff's claim that the defendant property constitutes and is derived from proceeds traceable to violations of 18 U.S.C. § 1029 (access device fraud) is a claim upon which relief cannot be granted because Claimant was engaged in a legal business enterprise from which the proceeds were derived.

## SECOND DEFENSE

27.     The evidence seized during the search must be suppressed as the fruit of an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

## THIRD DEFENSE

28.     The forfeiture of this property would be unconstitutionally excessive and grossly disproportionate punishment in violation of the Eighth Amendment's Excessive Fines Clause and *Austin v. United States*, 509 U.S. 602 (1993).

## FOURTH DEFENSE

29.     Claimant is an innocent owner of the defendant currency.

## FIFTH DEFENSE

30.     The Government's actions seeking forfeiture of the defendant currency and property violate Claimant's Fifth Amendment substantive and procedural due process rights.

## SIXTH DEFENSE

31.     The property does not constitute and is not derived from proceeds traceable to a violation of section of 18 U.S.C. § 1029 or a conspiracy to commit such offense.

32. The Claimant's investigation concerning this matter is ongoing and he therefore reserves the right to assert additional defenses as they may subsequently discover.

## JURY DEMAND

Claimant hereby demands a jury of twelve on all issues and defenses.

WHEREFORE, claimant prays:

1. That this action be dismissed;

2. That they be awarded reasonable attorney fees; and

3. For such other and further relief as may be deemed just and equitable.

Dated: June 26, 2012

Respectfully submitted,

JOSEPH R. COROZZO
/s/
Rubinstein & Corozzo, LLP
*Attorney for $873,479*
260 Madison Avenue, 22nd Floor
New York, New York 10016
(212) 545 – 8777