UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff               ANSWER TO COMPLAINT
                                          FOR FORFEITURE *IN REM*

-Against-                                         12-CV-2173 (SJ)

EIGHT HUNDRED SEVENTY THREE
THOUSAND FOUR HUNDRED SEVENTY NINE
DOLLARS, MORE OR LESS, IN U.S. CURRENCY
($873,479) SEIZED FROM ERIC BRAHMS ON
NOVEMBER 17, 2011, *et. al.*
-------------------------------------------------X

      Claimant Eric Brahms, through counsel, answers the Complaint as follows:

1.       Claimant admits this is a civil in <u>rem</u> action to condemn and forfeit property to the United States of America in accordance with 18 U.S.C. § 981(a)(l)(C), as property constituting or derived from proceeds traceable to violations of 18 U.S.C. § 1029 (access device fraud).

2.       Claimant admits the allegations of jurisdiction in paragraph 2.

3.       Claimant admits the allegations of venue in paragraph 3.

4.       Claimant admits the Defendants In <u>Rem</u> are comprised of the property listed in paragraph 4.

5.       Claimant does not respond to the allegations of paragraph 5 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise admits the allegations of paragraph 5.

6.       Claimant does not respond to the allegations of paragraph 6 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Claimant does not respond to the allegations of paragraph 7 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Admits that a search warrant was executed on Brahms' residence and that $10,000.00 was found and seized, and denies that he had no gainful employment. As set forth in paragraph 22 of the Complaint, state charges-which arise out of the same series of underlying facts as this forfeiture action--, are pending against Claimant Eric Brahms. Therefore, Claimant asserts his Fifth Amendment privilege with respect to the allegations of paragraph 17.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Claimant admits criminal charges are pending against him in New York County, and otherwise denies knowledge and information sufficient to form a belief as to the allegations in paragraph 22.

23. Claimant repeats the responses contained in paragraphs 1 through 22.

24. Claimant denies the allegations in paragraph 24.

25. Claimant denies the allegations and claims for relief in paragraph 25.

## FIRST DEFENSE

26. Plaintiff's allegation that the defendant property constitutes and is derived from proceeds traceable to violations of 18 U.S.C. § 1029 (access device fraud) is a claim upon which relief cannot be granted because Claimant was engaged in a legal business enterprise from which the proceeds were derived.

## SECOND DEFENSE

27. The evidence seized during the search must be suppressed as the fruit of an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

## FOURTH DEFENSE

28. Claimant is an innocent owner of the defendant currency.

## FIFTH DEFENSE

29. The Government's actions seeking forfeiture of the defendant currency and property violate Claimant's Fifth Amendment substantive and procedural due process rights.

## SIXTH DEFENSE

30. The property does not constitute and is not derived from proceeds traceable to a violation of section of 18 U.S.C. § 1029 or a conspiracy to commit such offense.

32. The Claimant's investigation concerning this matter is ongoing and he therefore reserves the right to assert additional defenses as they may subsequently discover.

## JURY DEMAND

Claimant hereby demands a jury of twelve on all issues and defenses.

WHEREFORE, claimant prays:

1. That this action be dismissed;

2. That they be awarded reasonable attorney fees; and

3. For such other and further relief as may be deemed just and equitable.

Dated: June 27, 2012

Respectfully submitted,

MICHAEL F. BACHNER-mfb 7719

/s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Bachner & Associates, PC
*Attorney for $10,000.00*
39 Broadway, Suite 1610
New York 10006
Tel: (212) 344-7778
Fax: (212) 344-7774
Email: mb@bhlawfirm.com