IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                          Civil Action No. 12 CV 2173 (SJ)

TWO HUNDRED EIGHTY-NINE THOUSAND
EIGHT HUNDRED DOLLARS, et. al.

        Defendants *in rem*

-------------------------------------------------------------X

    Elle Chong Rozan, by her attorneys, Charles A. Ross & Associates, LLC, on behalf of Defendant *in rem* $8,200.00 in United States Currency, as and for her Answer to the Verified Complaint states as follows:

    1.    Admits that Plaintiff purports to proceed as set forth in Paragraph 1 of the Verified Complaint.

    2.    Admits that this Court has jurisdiction over the action as set forth in Paragraph 2 of the Verified Complaint.

    3.    Admits that venue is proper in the Eastern District of New York as set forth in Paragraph 3 of the Verified Complaint, but denies acts or omissions giving rise to forfeiture.

    4.    Admits that the defendants *in rem* are comprised of the property described in Paragraph 4 of the Verified Complaint.

    5.    Admits that Plaintiff has accurately summarized the statutory provisions cited in Paragraph 5 of the Verified Complaint.

6. Admits that Plaintiff has accurately summarized the statutory provisions cited in Paragraph 6 of the Verified Complaint.

7. Admits that Plaintiff has accurately summarized the statutory provisions cited in Paragraph 7 of the Verified Complaint.

8. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 8 of the Verified Complaint.

9. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 9 of the Verified Complaint.

10. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 10 of the Verified Complaint.

11. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 11 of the Verified Complaint.

12. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 12 of the Verified Complaint.

13. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 13 of the Verified Complaint.

14. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 14 of the Verified Complaint.

15. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 15 of the Verified Complaint.

16. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 16 of the Verified Complaint.

17. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 17 of the Verified Complaint.

18. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 18 of the Verified Complaint.

19. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 19 of the Verified Complaint.

20. Asserts her privilege under the Fifth Amendment to the United States Constitution to remain silent with respect to the allegations set forth in Paragraph 20 of the Verified Complaint.

21. Admits that a search warrant was executed on Ms. Chong Rozan's place of business on November 17, 2011, and asserts her privilege under the Fifth Amendment to the United States Constitution to remain silent with respect to the remaining allegations set forth in Paragraph 21 of the Verified Complaint.

22. Admits that a criminal case is pending against Ms. Chong Rozan in New York County and admits that the persons named in Paragraph 22 of the Verified Complaint were indicted for criminal violations, and denies knowledge or information sufficient to form an opinion as to the truth of the remaining allegations set forth in Paragraph 22 of the Verified Complaint.

23. Repeats and realleges each and every response contained in paragraphs 1 through 22 of the Verified Complaint as if set forth fully herein.

24. Denies the allegations set forth in Paragraph 24 of the Verified Complaint.

25. Denies the allegations set forth in Paragraph 25 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

26. The Verified Complaint fails to set forth a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

27.     The action lacks the requisite probable cause.

## THIRD AFFIRMATIVE DEFENSE

28.     The currency seized from Ms. Chong Rozan was not traceable, directly or indirectly, to violations of 18 U.S.C. § 1029.

## FOURTH AFFIRMATIVE DEFENSE

29.     Ms. Chong Rozan is an innocent owner of the seized currency.

## FIFTH AFFIRMATIVE DEFENSE

30.     Forfeiture would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

## SIXTH AFFIRMATIVE DEFENSE

31.     The seizure of Claimant's property violated Claimant's right pursuant to the Fourth Amendment to the United States Constitution to be free of unreasonable searches and seizures.

## SEVENTH AFFIRMATIVE DEFENSE

32.     Forfeiture of the property would violate Claimant's rights under the Fifth Amendment to the United States Constitution to substantive and procedural due process.

## JURY DEMAND

Claimant Elle Chong Rozan hereby demands a jury of twelve on all issues and defenses.

WHEREFORE, Claimant Elle Chong Rozan on behalf of Defendant *in rem* $8,200.00 in United States Currency respectfully requests judgment against Plaintiff as follows:

a) Dismissing the Verified Complaint against Defendant *in rem* $8,200.00 in United States Currency in its entirety;

b) Awarding reasonable attorneys' fees and costs and disbursements; and

c) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 28, 2012

                                      CHARLES A. ROSS & ASSOCIATES, LLC

                        By : __/s/ Charles A. Ross_____
                                      Charles A. Ross  (CR-1331)
                                      Dorea Silverman (DS-6813)
                                      111 Broadway, Suite 1401
                                      New York, NY 10006
                                      Tel. (212) 616-3030

                                      *Attorneys for Claimant Elle Chong Rozan*
                                      *on behalf of Defendant in rem $8,200.00*
                                      *in United States Currency*