

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

August 27, 2012

**ELECTRONICALLY FILED**

Honorable Sterling Johnson, Jr.
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:  United States v. $289,800.00
            Docket Number 12-CV-2173(RJD)

Dear Judge Johnson:

    The United States respectfully requests, pursuant to 18 U.S.C. § 981(g), that discovery in the above-referenced civil action be stayed pending the resolution of a related criminal case currently pending in New York State Supreme Court styled <u>People of the State of New York against Luis Damian Jacas, Eric R. Brahms, Emily Brumfield-Brahms, Irwin Gutman, Elle Chong Rozan and Gael Gordon</u>,Index number: 00042/2012.  The seizure of the defendant funds (the "Defendant Funds") stems from the same conduct forming the basis of the criminal case which has not been resolved yet. The claimants to the Defendant Funds and defendants in the related criminal matter, Luis Damian Jacas, Eric R. Brahms, Emily Brumfield-Brahms, Irwin Gutman, Elle Chong Rozan and Gael Gordon ("Claimants") join in this request.

    A stay of the civil proceedings would best serve the interests of the Court and the parties because it would prevent unnecessary, and possibly duplicative activity among all parties pending possible dispositive decisions in a criminal case.  Moreover, a stay is appropriate pursuant to 18 U.S.C. § 981(g)(1), which states:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

Page 2

Inasmuch as the criminal investigation has not yet been resolved, discovery in this civil action will adversely affect the potential prosecution of that case and a stay of discovery is appropriate. See United States v. 247,052.54, No. C-05-4798 SC, 2007 WL 2009799, at *2 (N.D. Cal. July 6, 2007) (stay must be granted even if it is the Government, not claimant, that is seeking the discovery that will impact the criminal case; Government's need to depose witnesses will expose them to cross examination, exposing the Government's strategy for trial; the Government also needs testimonial declarations from its agents "creating additional risks"); United States v. Real Property. . . 10 Table Bluff Road, No. C 06-5256 SI, 2007 WL 911849 (N.D. Cal. March 23, 2007) (stay must be granted if civil discovery will subject the Government to broader and earlier discovery then would occur in a criminal case; if the required showing is made, the court is obligated by the plain language of the statute to grant the Government's request for a stay); United States v. Contents of Nationwide Life Ins. Annuity Account, No. 1:05-CV-00196, 2007 WL 682530, at *1 (S.D. Ohio March 1, 2007) (court grants stay over claimant's objection; claimant's avowed willingness to accept the consequences of having to invoke the Fifth Amendment in the civil case is not dispositive; the purpose of the stay was not to protect claimant's Fifth Amendment rights, but to prevent him from using the civil proceeding as a "back door" to obtaining greater discovery in his criminal case than Rule 16 allows).

Furthermore a stay is appropriate pursuant to 18 U.S.C. § 981(g)(2), which provides:

> "Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that--
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."

Here, the Claimants are the subject of a related criminal proceeding and as such, they have indicated that they are likely to experience burdens on their right against self-incrimination if this action is not stayed. See United States v. One Assortment of

Page 3

73 Firearms, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (target of related criminal case entitled to stay; continuation of the civil forfeiture case would burden his right against self-incrimination); United States v. 29.77 Acres East of Soda Springs Road, 2001 WL 34050119, at *1 (D. Or. 2001) (granting criminal defendant's motion to stay civil case pursuant to section 981(g)(2)).

    Accordingly, the Claimants and the United States respectfully request a stay of discovery in this case pending resolution of the related criminal matter.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        UNITED STATES ATTORNEY

                          By: /s Scott Landau
                              Scott Landau
                              Assistant U.S. Attorney
                              (718) 254-7035

cc: